UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22326-CIV-DIMITROULEAS

JELD-WEN, INC., an Oregon corporation,
individually and as assignee of the claims
of Cardinal IG Company, a Minnesota
corporation,

Magistrate Rosenbaum

    Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a "GLASSLAM" and "N.G.I. INC.," a
Florida corporation, REICHHOLD, INC.,
a Delaware corporation, and
STEPHEN HOWES, an individual

    Defendants.
_____/

## OMNIBUS ORDER ON DAUBERT MOTIONS

THIS CAUSE is before the Court upon the Daubert Motions filed by Jeld-Wen, Glasslam, and Reichhold. The Court has carefully considered the Motions, the Responses, the Replies, the arguments of the parties before the undersigned on May 23, 2008, and is otherwise fully advised in the premises.

Accordingly, for the reasons stated on the record at the hearing on May 23, 2008, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Jeld-wen's Motion to Exclude Expert Testimony of Carlos Rodriguez [DE-298] is **DENIED**. As stated at the hearing, the arguments concerning Carlos Rodriguez go more to the weight of the evidence and thus his testimony is not excluded.

2) Jeld-wen's Motion to Exclude Expert Testimony of Stephen Howes [DE-302] is

**DENIED**.  As stated at the hearing, Stephen Howes' testimony is admissible and any contentions raised in the Motion may properly be addressed by way of cross-examination and objections.

3)   Jeld-wen's Motion to Exclude Expert Testimony of Pete Cruz [DE-308] is hereby **DENIED**.  As indicated at the hearing, Pete Cruz' testimony is admissible to the extent he testifies as to design defects, per the statements to that effect made by Reichhold in Response to the instant Motion [DE-344].

4)   Jeld-wen's Motion to Exclude or Limit Expert Testimony of Ronald Anthony [DE-309] is **DENIED**.  As indicated at the hearing, Ronald Anthony may testify on the issues of wood deterioration and decay.  To the extent his testimony demonstrates speculation on issues, objections may be raised at trial.

5)   Reichhold's Motion to Exclude Testimony of E. Alan Holl [DE-299] is **DENIED**.  As stated at the hearing, E. Alan Holl's testimony is admissible and any contentions raised in the Motion may properly be addressed by way of cross-examination.

6)   Reichhold's Motion to Exclude Testimony of John Barratt [DE-300] is **DENIED**.  As stated at the hearing, John Barratt's testimony is admissible and any contentions raised in the Motion may properly be addressed by way of cross-examination.

7)   Reichhold's Motion to Exclude Expert Testimony of Edward Martinet [DE-301] and Glasslam's Motion to Exclude Expert Testimony of Edward Martinet [DE-305] are **DENIED**.  As stated at the hearing, Edward Martinet's testimony is admissible and any contentions raised in the Motion may properly be addressed by way of cross-examination.

8)   Reichhold's Motion to Exclude Expert Opinion of Kevin Palmer [DE-303] is

**DENIED WITHOUT PREJUDICE** to raise at trial.

9) Glasslam's Motion to Strike Proposed Expert Testimony of Dr. Steve Martin [DE-307] is **DENIED**. As stated at the hearing, the arguments concerning Dr. Steve Martin go more to the weight of the evidence and thus his testimony is not excluded.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 23rd day of May, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record